UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA,                                       :
                                                                :
                              Plaintiff,                        :
                                                                :
              -against-                                         :          **MEMORANDUM AND ORDER**
                                                                :           15-cv-4225 (DLI)(ST)
RANTI AZEEZ-TAIWO, individually and                             :
doing business as LOT ASSOCIATES, INC.,                         :
*pro se*,                                                       :
                                                                :
                              Defendants.                       :
----------------------------------------------------------------x
**DORA L. IRIZARRY, Chief Judge:**

The United States Department of Justice, Department of Tax Division ("Plaintiff" or "the

Government") moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil

Procedure based on *pro se* defendant Ranti Azeez-Taiwo's ("Defendant," and together with Lot

Associates, Inc., "Defendants") criminal conviction for aiding and assisting in the preparation of

false federal tax returns.  The Government requests that the Court enter an order permanently

enjoining Defendant from preparing tax returns that are not his own.  For the reasons set forth

below, the Government's motion is granted.

## BACKGROUND

Defendant is a federal tax return preparer who owned and operated "Lot Associates, Inc.,"

located at 498 Bay Street, Staten Island, New York.  Def.'s Statement of Facts (hereinafter, "Def.'s

Mem."), Dkt. Entry No. 17-2, at ¶¶ 1-3.[1]  He operated this business from at least 2006 to 2009,

preparing tax returns for Lot Associates, Inc. customers.  *Id.*; Pltf.'s Statement of Facts ("Pltf.'s

---

[1]      In response to the Government's motion, Defendant filed two Rule 56.1 Statements of Fact: Dkt. Entry No.
17-1 (hereinafter, "Def.'s Facts"), which accepts as "[t]rue" the facts set out in the Government's Rule 56.1
Statement of Facts, and Dkt. Entry No. 17-2, which sets out additional facts and legal arguments, and, therefore, is
referred to throughout as "Def.'s Mem."

Facts"), Dkt. Entry No. 16-2 at ¶¶ 1, 3.[2]

Following an investigation by the Internal Revenue Service ("IRS") into Defendant's tax return preparation activities, the IRS executed a search warrant at Lot Associates, Inc. Pltf.'s Facts at ¶ 4. On January 16, 2013, Defendant was indicted on thirty counts of aiding and assisting in the preparation of false tax returns in violation of 26 U.S.C. § 7206(2). *Id.* at ¶ 5. The indictment alleged that Defendant "falsified and caused to be falsified information included on client-taxpayers' Schedules A, to wit: inflated and wholly fictitious deductions from employee expenses and charitable donations . . . result[ing] . . . [in] reporting higher Schedule A itemized deductions than they were entitled to report." *Id.* at ¶ 6. The indictment further alleged that the submitted claims were "false and fraudulent as to material matters, in that the . . . claimed purported expenses . . . were determined to be fabricated, falsified and grossly inflated and which [Defendant] then and there well knew and believed were falsely inflated or created." *Id.* at ¶ 7. In short, the false deductions reduced Lot Associate, Inc.'s clients' taxable income, resulting in inflated tax refunds and, consequently, an underpayment of taxes. *Id.* at ¶ 8.

Defendant ultimately was convicted after a trial by a jury of sixteen counts of aiding and assisting in the preparation of false tax returns. Jury Verdict, *United States v. Azeez-Taiwo*, 13-cr-00036 (E.D.N.Y. Oct. 7, 2013) (Dkt. Entry No. 26) (hereinafter, "Jury Verdict").

Defendant appealed his conviction to the Second Circuit, which vacated one count of conviction (Count 17), but affirmed his conviction on the remaining fifteen counts. *See U.S. v. Azeez-Taiwo*, 597 F. App'x 661, 662-63 (2d Cir. Mar. 13, 2015). The Second Circuit's affirmance explained that "[t]he evidence presented by the government established a pattern of fabricated and exaggerated deductions for unreimbursed employee expenses and charitable contributions that

---

[2]     Defendant does not dispute any of the facts outlined in the Government's Rule 16.1 statement. *See generally* Def.'s Facts.

resulted in inflated refunds." *Id.* at 662. The Circuit noted that testimony by six witnesses called by the Government, one of whom was an undercover IRS agent, "belie[d] [Defendant's] claim that he relied on information provided by his clients." *Id*. Three witnesses provided no information to Defendant about the false deductions, and three other witnesses discussed work expenses and charitable donations with Defendant, but did not provide any figures or supporting documentation for the false deductions ultimately included in their return. *Id.* The Second Circuit held that Defendant "was more than simply careless," as evidenced "by both the frequency and similarity of his misstatements." *Id.*

## DISCUSSION

Summary judgment is warranted where "the materials in the record" "show[] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). In evaluating whether summary judgment is appropriate, the Court must view all facts "in the light that is most favorable to the non-moving party . . . and draw all reasonable inferences in its favor." *U.S. v. Pugh*, 717 F. Supp.2d 271, 283 (E.D.N.Y. June 1, 2010) (quoting *Am. Cas. Co. of Reading Pa. v. Nordic Leasing, Inc.*, 42 F.3d 725, 728 (2d Cir. 1994)) (internal quotation marks and citation omitted). It is the movant's burden to demonstrate that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).

Only genuine issues of material fact preclude granting summary judgment. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is not enough for the opposing party to present "[c]onclusory allegations, conjecture, and speculation" as evidence of a genuine material issue of fact. *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998). The nonmoving party must present "specific facts showing that there is a general issue of

material fact." *Samuels v. Mockry*, 77 F.3d 34, 35-36 (2d Cir. 1996) ("'[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.'") (emphasis original).

The Court notes that Defendant is *pro se*. *Pro se* parties' pleadings are read "liberally" and interpreted to "raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). While courts recognize that *pro se* parties "'are to be given special latitude on summary judgment motions,'" they are not relieved of the requirements of rebutting a motion for summary judgment. *Pugh*, 717 F. Supp.2d at 284 (citations omitted).

Courts regularly grant motions for summary judgment seeking permanent injunctions under 26 U.S.C. §§ 7407, 7408, and 7402(a). *See, e.g.*, *Pugh*, 717, F. Supp.2d at 284 (collecting cases).

## I.   Injunctive Relief Under 26 U.S.C. § 7407

The Government seeks summary judgment and a permanent injunction pursuant to Internal Revenue Code ("I.R.C.") § 7407, which specifically provides for injunctive relief against "any person who is a tax return preparer." 26 U.S.C. § 7407; Pltf.'s Mem. of Law in Supp. of Mot. for Summary J. ("Pltf.'s Mem."), Dkt. Entry No. 16-3, at 3. Since Section 7407 of the I.R.C. specifically provides for injunctive relief, Plaintiff is relieved from demonstrating the equity elements typically required for an injunction. *See Henderson v. Burd*, 133 F.2d 515, 517 (2d Cir. 1943) ("Where an injunction is authorized by statute it is enough if the statutory conditions are satisfied."); *Pugh*, 717 F. Supp.2d at 285 ("Given that I.R.C. § 7407 expressly authorizes the issuance of an injunction, the traditional equity grounds for injunctive relief need not be proven.").

IRC § 7407 permits the Court to enjoin a tax preparer who, *inter alia*, "engaged in any conduct subject to penalty under section 6694 or 6695" or "engaged in any other fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws," where "injunctive relief is appropriate to prevent the recurrence of such conduct." 26 U.S.C. § 7407(b).  Section 6694(b) penalizes willful attempts to understate the tax liability on a tax return and reckless or intentional disregard of rules or regulations.  26 U.S.C. § 6694(b).

Defendant does not dispute that he was a tax preparer.  *See* Def.'s Mem. at ¶¶ 3-4 ("Ranti Azeez-Taiwo prepares Federal Income Tax . . . .").  Defendant was convicted under 26 U.S.C. § 7206(2), which provides that "[a]ny person who . . . willfully aids or assists in, procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return . . . which is fraudulent or is false as to any material matter . . . shall be guilty of a felony."  *See* Jury Verdict.  Defendant's conviction for willfully preparing false tax returns under 26 U.S.C. § 7206(2) demonstrates that he engaged in conduct subject to the penalties of section 6694.

The "district court has broad discretion to enjoin possible future violations of law where past violations have been shown."  *S.E.C. v. Manor Nursing Ctrs., Inc.*, 458 F.2d 1082, 1100 (2d Cir. 1972).  The Second Circuit has articulated several factors for consideration in determining whether future infractions are probable: "(1) the degree of scienter involved, (2) the isolated or recurring nature of the fraudulent activity, (3) the defendant's appreciation of his wrongdoing, and (4) the defendant's opportunities to commit future violations."  *See S.E.C. v. Commonwealth Chem. Sec., Inc.*, 574 F.2d 90, 100 (2d Cir. 1978); *Pugh*, 717 F. Supp.2d at 291-92; *U.S. v. Webb*, 2007 WL 397041, at *2 (E.D.N.Y. Feb. 1, 2007).

First, Defendant's conviction was for willful conduct. *See* Jury Verdict. Second, Defendant's conduct was recurring between at least 2006 and 2009, and the Second Circuit specifically noted that the evidence demonstrated Defendant's "pattern of fabricated and exaggerated deductions for unreimbursed employee expenses and charitable contributions that resulted in inflated refunds." *Azeez-Taiwo*, 597 F. App'x at 662-63. Third, as the Government points out, Defendant's opposition to the present motion disputes the conduct underlying his conviction, which signals that Defendant does not appreciate the wrongful nature of his past conduct. Pltf.'s Mem. at 8; Def.'s Mem. at ¶¶ 13-16. Fourth, the Court finds that, absent an injunction, there is no reason to believe that Defendant will not have the opportunity to commit future violations. *See* Def.'s Mem. at ¶¶ 15-16, 21 (arguing that Defendant made an "honest mistake" and his conduct was not willful). Accordingly, the Court finds that a permanent injunction is warranted.

The Government further requests that the Court permanently enjoin Defendant from preparing tax returns. Pltf.'s Mem. at 7-9. IRC 7407(b) permits the Court to enjoin a party from not only further engaging in the underlying fraudulent conduct, but also from preparing tax returns for any person, if a narrower injunction would not suffice to prevent interference with the proper administration of the Internal Revenue law in light of continuous or repeated fraudulent conduct. *See* 26 U.S.C. § 7407(b) ("If the court finds that a tax return preparer has continually or repeatedly engaged in any conduct [described in this section] and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, the court may enjoin such person from acting as a tax return preparer."); *see also Pugh*, 717 F. Supp.2d at 293 (permanently enjoining defendant from preparing tax returns where he continued to file false returns after being enjoined and "insisted" that his filings were "valid under [the] law");

*Webb*, 2007 WL 397041, at *3-4 (permanently enjoining defendant from preparing tax returns where he "persisted in filing fraudulent returns even after being informed that he was under investigation").

Here, Defendant continued to file false tax returns after being informed that he was under investigation and after the IRS executed a search warrant at his business Lot Associates, Inc. Pltf.'s Facts at ¶ 9 (indicating that Count 21 relates to a return filed February 12, 2011); Jury Verdict (finding Defendant guilty of Count 21). Moreover, Defendant maintains that the conduct underlying his conviction was not against the law. For example, Defendant argues that "[o]nce the [tax return] declaration is signed by the taxpayer, the preparers are relieved from any obligations." Def.'s Mem. at ¶ 14. As such, the Court finds that a narrower injunction is not likely prevent Defendant from engaging in conduct prohibited by IRC 7407, and, therefore, enjoins him from acting as a tax preparer. *See Webb*, 2007 WL 397041, at *3 (granting permanent injunction where it was clear that "defendant's conduct is rooted in his ideology").

## II. Injunctive Relief Under 26 U.S.C. § 7408

The Government also seeks a permanent injunction under 26 U.S.C. § 7408 based on the same conduct forming the basis for the injunction under 26 U.S.C. § 7407. Pltf.'s Mem. at 9-12. Like section 7407, section 7408 specifically provides for injunctive relief, although section 7408 does not apply solely to tax preparers. Under section 7408, the government may seek to enjoin a person who has engaged in conduct that is penalized under 26 U.S.C. §§ 6700, 6701, 6707, 6708. The Government alleges that Defendant's conduct violates § 6701, which imposes penalties on any person who:

    (1)  who aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim, or other document,

    (2)  who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws, and

(3) who knows that such portion (if so used) would result in an understatement of the liability for tax of another person.

26 U.S.C. § 6701; Pltf.'s Mem at 10.

As discussed above, it is undisputed that Defendant engaged in the preparation and filing of tax returns with "inflated and wholly fictitious deductions for employee expenses and charitable donations" to reduce his clients' tax liability and inflate their tax refunds. Pltf.'s Facts at ¶¶ 6-8; Def.'s Facts at ¶¶ 6-8. For the same reasons that an injunction is warranted to prevent further violations of section 6694, Plaintiff is entitled to an injunction prohibiting Defendant from engaging in conduct that violates section 6701.

### III. Injunctive Relief Under 26 U.S.C. § 7402(a)

Plaintiff also seeks injunctive relief under section 7402(a), the "catch-all" provision, which permits district courts to issue "orders of injunction . . . and to render such judgments and decrees as may be necessary or appropriate to the enforcement of the internal revenue laws." *See Webb*, 2007 WL 397041, at *4-5; 26 U.S.C. § 7402(a). Courts in this Circuit hold that parties seeking an injunction under section 7402(a) must satisfy the traditional injunction factors. *See Pugh*, 717 F. Supp.2d at 300-01 (citing *U.S. v. Buddhu*, 2009 WL 1346607, at *3 (D. Conn. May 12, 2009)) ("[D]istrict courts in the Second Circuit[] have applied traditional equity considerations when determining whether injunctive relief pursuant to I.R.C. § 7402(a) is appropriate because I.R.C. § 7402(a) does not grant specific injunctive relief."); *Webb*, 2007 WL 397041, at *5 (citing *U.S. v. Broccolo*, 2006 WL 3690648, at *6 (S.D.N.Y. Dec. 13, 2006)).

A permanent injunction is appropriate where the movant can demonstrate success on the merits and (1) "that it has suffered irreparable injury; (2) that remedies available at law . . . are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would

not be disserved by a permanent injunction." *Salinger v. Colting*, 607 F.3d 68, 77 (2d Cir. 2010) (quoting *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

The Court finds that all four requirements are met. The Government has established success on the merits through Defendant's conviction under 26 U.S.C. § 7206(2), which as discussed above, violates 26 U.S.C. §§ 6694, 6701 and entitles the Government to a permanent injunction. *Pugh*, 717 F. Supp.2d at 301 (establishing conduct in violation of IRC §§ 6694 and 6701 demonstrates success on the merits). The Government also has established irreparable harm in the lost tax revenue and significant resources used in uncovering and addressing Defendants' false tax returns. Should Defendants not be enjoined, the Government will be forced to further investigate and address their conduct and will be further harmed by additional fraudulent tax filings with understated tax liability. Given Defendants' "established . . . pattern of fabricated and exaggerated deductions for unreimbursed employs expenses and charitable contributions that resulted in inflated refunds," *Azeez-Taiwo*, 297 F. App'x at 662, the Court finds that there is no remedy at law that would prevent Defendants from further engaging in this conduct. In weighing the balance of hardships, the Court recognizes that a permanent injunction will deny Defendants the ability to make a living as tax preparers. However, such harm is outweighed by the harm that would be imposed on the Government and Defendants' clients should Defendants' conduct continue absent a permanent injunction. Finally, the public interest will be served by the issuance of a permanent injunction in that it will conserve IRS resources in investigating fraudulent conduct and prevent conduct that undermines public confidence in the fairness of the federal tax system.

Accordingly, the Court permanently enjoins Defendant Azeez-Taiwo under IRC § 7402(a) from acting as a tax return preparer. *See Pugh*, 717 F. Supp.2d at 302-03 (recognizing defendants will "be denied their right to earn a livelihood," but granting permanent injunction that will

"prevent taxpayers from having inaccurate, frivolous or fraudulent returns filed in their name");

*Buddhu*, 2009 WL 1346607, at \*5 ("While the Buddhus will be denied the right to earn a livelihood preparing income tax returns, the harm to them is substantially outweighed by the harm to which their clients are subjected by having fraudulent tax returns prepared in their names.").

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment and a permanent injunction under 26 U.S.C. §§ 7407, 7408, 7402(a) enjoining Defendant from acting as a tax return preparer is granted.

SO ORDERED.

Dated: Brooklyn, New York
       September 30, 2017

/s/
DORA L. IRIZARRY
Chief Judge
